# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | CRIMINAL NO. 03-00019 (JAG) |
| v. | |
| [6] JESUS ROJAS-TAPIA, | |
| Defendant. | |

## **MEMORANDUM AND ORDER**

Defendant's 28 U.S.C. § 2255 proceeding was remanded by the First Circuit Court of Appeals to this Court to reconsider the validity of Defendant [6] Jesus Rojas-Tapia's conviction under 28 U.S.C. § 924(c). Civ. 16-2213, Docket No. 70. It was also remanded for resentencing on the other remaining Counts One and Two.

After consideration of the parties' memoranda, this Court vacated Defendant's § 924(c) conviction. Civ. 16-2213, Docket No. 79.

Thereafter, the parties were ordered to file sentencing memoranda which the Court carefully reviewed. The Court also carefully reviewed the Amended Presentence Investigation Report filed by Probation as well as the Sentencing recommendations contained therein. It also considered several character reference letters submitted by Defendant.

Having vacated Defendant's § 924(c) conviction and Mr. Rojas-Tapia having signed waiver of appearance and allocution for resentencing on remaining Counts One and Two (Docket No. 329-3), the Court will resentence Defendant *in absentia*.

The Court has reviewed the advisory guideline calculations and adopts the guideline calculations contained in the PSR as to Counts One and Two, making a finding that they have been correctly applied.

Based on a total offense level of thirty-eight (38) and a Criminal History Category of III, the Guideline Imprisonment Range for this offense is from 292 to 365 months, with a fine range of $50,000-$250,000, plus a supervised release term of not more than 5 years.

Furthermore, the Court has considered the other sentencing factors set forth in Title 18, U.S.C. § 3553(a).

Mr. Rojas-Tapia is a 55-year-old, U.S. Citizen, who has no children, and his support system is in Florida, USA. The Defendant completed a GED. The Defendant is physically and mentally healthy. Further, Mr. Rojas-Tapia has a reported history of substance abuse; nevertheless, he has been drug-free since 2002. This is Mr. Rojas-Tapia's third-known conviction. Moreover, the Court has taken into consideration the elements of the offense and Mr. Rojas-Tapia's participation in the same.

Lastly, the Court has considered all other Title 18, U.S.C. § 3553 factors, the need to promote respect for the law, protect the public from further crimes by the Defendant, as well as address the issues of deterrence and punishment.

Pursuant to Pepper v. United States, 562 U.S. 476, 131 S. Ct. 1229, 179 L. Ed. 2d 196 (2011), when a defendant's sentence has been set aside on appeal, a district court at resentencing may consider evidence of the defendant's post-sentencing rehabilitation, and such evidence may, in appropriate cases, support a lesser sentence. In this case, the Court takes into consideration that Mr. Rojas has been incarcerated for over 23 years. During this lengthy period, he has worked for 18 years, completed about 27 educational courses and his last disciplinary sanction was 21 years ago, which mitigates any potential to recidivate.

The Court deems that a sentence at the low end of the guideline range is a sentence that is just and not greater than necessary to serve the parsimony principles of federal sentencing.

Therefore, Defendant [6] Jesus Rojas-Tapia is hereby resentenced to an imprisonment term of **TWO HUNDRED AND NINETY-TWO (292) MONTHS** as to each Counts One and Two, to be followed by **THREE (3) YEARS** of supervised release as to each count of conviction. All those terms are to be served concurrently with each other. The Judgment entered on May 21, 2004, stands as to all other matters, including a special monetary assessment in the amount of $100.00 for each count of conviction and the special conditions of supervision imposed therein.

The Court finds that the conditions originally imposed are reasonably related to the offense of conviction, individualized to address Defendant's specific risks and needs, and consistent with the sentencing factors in 18 U.S.C. § 3553 and Sentencing Commission policy statements under 28 U.S.C. § 994(a). The conditions impose no greater deprivation of liberty than necessary to achieve rehabilitation and positive reintegration into the community. Pursuant to Guideline § 5D1.4 and 18 U.S.C. § 3583(e)(2), upon release from confinement, the Court may assess the need to modify the conditions of supervision hereby imposed based on Defendant's actual risk and needs at the time of release.

Notice is to be given that the Defendant has a right to appeal from the Judgment and sentence imposed within fourteen (14) days of entry of Amended Judgment.

Copies of this Memorandum and Order and the Amended Judgment shall be forwarded to the Sentencing Commission, U.S. Bureau of Prisons, as well as the U.S. Probation Office within the next thirty (30) days.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, this 13th day of February, 2026.

                                              *s/Jay A. García-Gregory*
                                              JAY A. GARCIA-GREGORY
                                              SENIOR U.S. DISTRICT JUDGE